

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00365-CR

___

DERRICK DAVENPORT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. FO-14-22480, Honorable Trent D. Farrell, Presiding

___

May 16, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Derrick Davenport appeals his conviction and sentence for the offense of attempted retaliation[1] following the revocation of his deferred adjudication community supervision. His court-appointed appellate counsel has filed a motion to withdraw

___

[1] TEX. PENAL CODE ANN. § 15.01 (West 2015) (criminal attempt); TEX. PENAL CODE ANN. § 36.06 (West 2015) (retaliation).

supported by an *Anders*[2] brief.  We will grant counsel's motion to withdraw and affirm the judgment.

## Background

In August 2014, appellant was charged by information with the offense of attempted retaliation. Appellant pled guilty to the charged offense. At a September 2014 hearing, the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of three years.

The State filed a motion to proceed with adjudication of guilt in April 2015. It alleged appellant failed to comply with five conditions of his community supervision order. The alleged violations included appellant's admissions of using Tetrahydrocannabinol and a positive drug test for the same substance.

At the August 2015 hearing on the State's motion, appellant entered pleas of "not true" to each of the alleged violations.  Appellant's community supervision officer testified to appellant's admissions that he used marijuana on several occasions and to the positive drug test conducted on appellant. An exhibit was admitted into evidence documenting the positive tests and appellant's admissions, including his admission he tried to "dilute" his urine sample by taking Stinger."[3]  The community supervision officer also testified that while she discussed with appellant his recurring violations and drug

---

[2] *Anders v. California,* 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] The community supervision officer explained that Stinger is a product used for the purpose of masking illegal substances.

rehabilitation treatment, he did not enter treatment until the motion to revoke was filed and "didn't seem to be making any changes."

At the conclusion of the hearing, the trial court found appellant violated the terms of his community supervision order and adjudicated him guilty of attempted retaliation. Punishment was assessed at confinement in a state jail facility for six months.

Analysis

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. Counsel discusses two grounds of potential error but concludes the trial court did not abuse its discretion by revoking appellant's community supervision and imposing a sentence within the permissible range. Counsel has demonstrated that he has provided to appellant a copy of the brief, the motion to withdraw, and the clerk's and reporter's records, and has notified him of his right to file a *pro se* response to the brief. *Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). He also notified appellant of his right to file a petition for discretionary review if we affirm the trial court's judgment. *In re Schulman,* 252 S.W.3d at 408. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record.

3

*Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If we determine an appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have reviewed the entire record of this case to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Conclusion

The motion of counsel to withdraw is granted[4] and the judgment of the trial court is affirmed. TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.